IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MERRY C. WILLIAMS                                                                                    PLAINTIFF

vs.                                              Civil No. 4:15-cv-04007

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Merry C. Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on May 14, 2012. (Tr. 46, 333-342). Plaintiff alleges being disabled due to depression, high blood pressure, pain and swelling in her legs, and total knee replacement surgery on her left knee. (Tr. 356). Plaintiff alleges an onset date of February 25, 2012. *Id.* These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 46).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 284). Plaintiff's administrative hearing was held on August 21, 2013. (Tr. 237-262). Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Jerold Hildre testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-six (46) years old, which is defined as "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 242). Plaintiff also testified she had completed high school. (Tr. 243).

On September 20, 2013, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 46-59). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2013. (Tr. 48, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 25, 2012, her alleged onset date. (Tr. 48, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: hypertension, morbid obesity, affective disorder, anxiety disorder not otherwise specified, and degenerative joint disease (DJD) in both knees status-post left arthroplasty. (Tr. 49, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 49, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 50-57, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform to perform sedentary work but can only occasionally balance, kneel, stoop,

crouch, or climb ramps or stairs, with no climbing ladders, ropes, or scaffolds; must avoid concentrated exposure to hazardous moving machinery and unprotected heights; and limited to simple and routine tasks.  (Tr. 50, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she did not retain the capacity to perform any of her PRW.  (Tr. 57, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 57, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following work: (1) order clerk (139,000 such jobs in the nation and 500 such jobs in Arkansas); (2) assembler (106,000 such jobs in the nation and 600 such jobs in Arkansas); and (3) lens inserter (100,000 such jobs in the nation and 500 such jobs in Arkansas).  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ determined she was not disabled from February 25, 2012 through the date of his decision.  (Tr. 58, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 42). On November 18, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On January 14, 2015, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on January 16, 2015.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10, 11.  This case is now ready for decision.

**2.**   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in finding her impairments did not meet the requirements of the Listings; (2) the ALJ erred in assessing her severe impairments (3) the ALJ erred in discounting the opinions of her treating physician; and (4) the ALJ erred by failing to present a proper hypothetical to the VE.  ECF No. 10 at 12-21.  Because the Court finds the ALJ erred in failing to properly consider the opinions of Plaintiff's treating physician, the Court will only consider Plaintiff's third argument for reversal.

Plaintiff's treating physician is Dr. Jeff DeHaan, and he has been treating Plaintiff for her knee pain since 2009.  (Tr. 428-431, 475-478, 529-530, 586-596, 634-636).  Plaintiff was first seen by Dr. DeHaan on December 23, 2009 with complaints of left knee pain.  (Tr. 586).  In January of 2010 Plaintiff underwent a partial medial menisectomy.  (Tr. 586-587).  Plaintiff continued to have knee problems and ultimately underwent a total knee replacement in 2011.  (Tr. 589, 607-609).  Plaintiff continued to experience knee pain and limited motion throughout 2011 and into 2013.  (Tr. 589-594).

On February 25, 2013, Dr. DeHaan prepared an RFC Report on Plaintiff. (Tr. 634-636). In the report he indicated Plaintiff could only lift less than 10 lbs. either occasionally or frequently; could walk less than two hours with normal breaks and sit about four hours; would require breaks each hour for 10- 15 minutes; can never crouch, kneel, crawl or climb ladders; and would miss more than three days of work each month because of her impairments. *Id.*

In his opinion, the ALJ stated he did not give Dr. DeHaan's findings significant weight. (Tr. 54). The ALJ provided the following reasons for discounting those findings:

> While Dr. DeHaan's opinion has been considered in the determination of the claimant's residual functional capacity, such as not been given significant weight, as his opinion is not accompanied by narrative treatment notes or objective findings on which he bases his opinion. His opinion is also inconsistent with other evidence of record.

*Id.*

Notably, the ALJ did not state what was inconsistent with Dr. DeHaan's findings and the record contains his complete and lengthy medical record setting forth his more than three year treatment of Plaintiff. As such, the Court finds the ALJ has stated no "good reasons" for discounting Dr. DeHaan's findings. Because Dr. DeHaan is a long-time treating source, the ALJ's failure to provide "good reasons" for discounting his findings was improper. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). Thus, this case must be reversed and remanded for further consideration of Dr. DeHaan's findings.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of January 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE